UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TIFFANY BEDNAR,

Plaintiff,

v.

Case No: 8:26-cv-01943-VMC-AAS

EQUIFAX INFORMATION SERVICES, LLC, *et al.*,

Defendants.
______________________________/

**CAPITAL ONE, N.A.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Capital One, N.A., ("Capital One"), incorrectly identified in the Complaint as "Capital One Financial Corporation d/b/a Capital One," by and through undersigned counsel, hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint of Plaintiff Tiffany Bednar ("Plaintiff") for failure to state a claim upon which relief may be granted. In support, Capital One respectfully states as follows:

## I. INTRODUCTION

Plaintiff contends that Capital One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA") by failing to properly investigate her credit reporting disputes with respect to the "Cap1 / Kohl's Department Store account reported as being opened on 11-29-2021" (the "Capital One Account"). Specifically, Plaintiff contends that each of two different accounts identified in the Complaint is inaccurate "because (a) the history, status, amounts, and dates are reported wrong; (b) payments

made by Plaintiff are missing and unaccounted; (c) the manner in which the account is reported wrongfully causes Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong."

Other than the foregoing vague allegations and some equally vague references to a data breach and identity theft, Plaintiff proffers no factual allegations as to how Capital One was purportedly reporting her account, what specific inaccurate or incomplete reporting she challenged in her dispute, why the information was allegedly incorrect, or how Capital One failed to investigate and adequately respond to her disputes. Plaintiff's vague and conclusory allegations are wholly insufficient to establish the requisite elements of her claim under 15 U.S.C. § 1681s-2(b), and therefore, for the reasons outlined below, Plaintiff's claims against Capital One fail as a matter of law and should be dismissed.

## II. FACTUAL BACKGROUND[1]

1. Plaintiff alleges that on March 11, 2026, she sought copies of her credit reports from the CRAs because: (1) at some unknown time, her personal identifying information was compromised in a data breach and, as a result, she believed she was

[1] Capital One accepts the allegations in Plaintiff's Complaint as true only for the purposes of this Motion to Dismiss.

the victim of identity theft[2] and (2) she was "preparing to seek lines of credit, explore employment opportunities, and shop for insurance." Compl., ECF No. 1, at ¶ 11.

2. Upon receiving the reports, "Plaintiff observed unrecognized information, accounts, and inquiries, as well as observed information that was false, misleading, incomplete, and otherwise inaccurate." *Id*. at ¶ 12.

3. Plaintiff "prepared written disputes to the CRAs." *Id*. at ¶ 13. In the written disputes, Plaintiff "took explicit issue with the [Capital One Account] reported as being opened on 11-29-2021." *Id*. at ¶ 14.

4. On or about March 31, 2026, Plaintiff notified the CRAs in writing that the Discover Account were "false, incomplete, and inaccurate…." *Id*. at ¶ 15. As to both the Discover Account and another account identified in the Complaint, Plaintiff alleges:

> [T]he [insert bank name] account is inaccurate and incomplete because (a) the history, status, amounts, and dates are reported wrong; (b) payments made by Plaintiff are missing and unaccounted; (c) the manner in which the account is reported wrongfully causes Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong.

*Id*. at ¶¶ 16-17.

5. Plaintiff contends that, despite receiving her disputes, Capital One and the other bank defendant "failed to timely conduct a reasonable investigation into

---

[2] Despite some value references to a fear of identity theft, Plaintiff never actually alleges that either of the accounts at issue was actually fraudulent or opened by an identity thief.

information disputed by Plaintiff and, as a result, allowed, false, inaccurate, and incomplete information to persist on Plaintiff's credit reports." *Id*. at ¶¶ 25, 27.

6. Plaintiff prepared additional written disputes to the CRAs on or about May 6, 2026. *Id*. at ¶ 31. Despite receiving the additional disputes, Plaintiff contends, Capital One and the other bank defendant "failed to timely conduct a reasonable investigation into information disputed by Plaintiff and, as a result, allowed, false, inaccurate, and incomplete information to persist on Plaintiff's credit reports." *Id*. at ¶¶ 34, 36.

7. Based on these allegations, Plaintiff sued Capital One for violating 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations into Plaintiff's disputes.

## III. STANDARD OF REVIEW

To state a claim upon which relief can be granted, a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). While this standard does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, while the Court must accept Plaintiff's factual allegations as true, it need not accept legal conclusions or "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

Plaintiff's Complaint asserts claims against Capital One for alleged violations of Section 1681s-2(b) of the FCRA. This section requires a furnisher of information like Capital One to "conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). In order for a consumer to prevail on a FCRA claim against a furnisher, the consumer must show (1) the furnisher received a notice from a CRA that the consumer disputed the tradeline; (2) the furnisher breached its duty to conduct a reasonable investigation into the dispute; and (3) had the furnisher conducted a reasonable investigation into the consumer's dispute, "the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts*, 893 F.3d at 1312–13; *see also Harding v. TransUnion LLC*, No. 24-14006, 2026 WL 111492, at *3 (11th Cir. Jan. 15, 2026) ("To state a § 1681s-2(b) claim, Mr. Harding must have plausibly pled, at least, two things … First, a plaintiff cannot recover on a § 1681s-2(b) claim without identifying inaccurate or incomplete information that the furnisher provided to the reporting agency … And second, to prove an investigation was unreasonable, a plaintiff must point out 'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." (internal citations omitted)). Importantly, the

furnisher's obligation under the FCRA is limited to "conduct[ing] an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A); *see also Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 Fed. App'x. 452, 458-59 (11th Cir. 2019) (affirming dismissal of plaintiff's FCRA claim with prejudice where the plaintiff "never alleged that [defendant] received notification from the CRAs" of the *specific information* plaintiff claimed was inaccurate).

Plaintiff's allegations regarding the contents of her disputes as to the Capital One Account are sparse. Plaintiff alleges only that her disputes took "explicit issue with the [Capital One Account] reported as being opened on 11-29-2021." Compl., ECF No. 1, at ¶ 14. These allegations provide no clarity as to why the information Capital One reported was supposedly inaccurate or incomplete and therefore cannot support Plaintiff's conclusion that Capital One failed to conduct reasonable investigations into his disputes. To wit, Plaintiff has not provided any indication as to the "correct" information that Capital One should have reported, nor has she identified any specific data fields that were missing information. She has not alleged that she did not open a Discover account and does not allege that she did not open the account on November 29, 2021 (or provide any alternative date that she contends she opened the account). Plaintiff also has not made any allegations regarding her account balances or payment histories (including that she made payments on the Account on time). Instead, Plaintiff simply states in conclusory fashion that the Capital One Account is inaccurate "because (a) the history, status, amounts, and dates are reported wrong; (b) payments made by Plaintiff are missing and unaccounted; (c) the manner

in which the account is reported wrongfully causes Plaintiff to appear more delinquent than accurate; and (d) the timing, validity, degree, and basis of delinquency are wrong." *Id*. at ¶¶ 16-17.

Plaintiff's allegations are precisely the type of "formulaic recitation of the elements of a cause of action" that fail to raise her right to relief "above the speculative level." *See Brown v. Capital One Services, LLC*, No. 18-60669-CIV-MARTINEZ-SNOW, 2019 WL 569842, at *3 (S.D. Fla. Jan. 9, 2019) (dismissing FCRA claims as to Capital One where, *inter alia*, Plaintiff did not identify any information Capital One allegedly failed to review and provided no facts to support the conclusory allegation that Capital One's investigation was unreasonable). *See also Felts*, 893 F.3d at 1312 ("[A] plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete."); *Goldsmith v. Absolute Resolutions Investments, LLC*, 25-CV-7428, 2026 WL 896000, at *4 (E.D. Pa. Mar. 31, 2026) (dismissing FCRA claim where allegations of inaccuracies were "undeveloped" and characterizing allegations as "entirely conclusory and, thus, implausible"); *Peeples v. Portfolio Recover Associates, LLC*, 22-CV-4639-RBS, 2023 WL 406287, at *3 (E.D. Penn. Jan. 24, 2023) (dismissing complaint where, *inter alia*, plaintiff had not identified the "allegedly incorrect information in her credit history" or "clearly explained why the information was incorrect").

Plaintiff's vague and conclusory allegations are made all the more implausible

by the fact that the same exact allegations are made against an unrelated co-defendant. The chances that Capital One's co-defendant – an unrelated bank – made the exact same reporting errors as Capital One and also failed to adequately investigate the same disputes in the same manner are exceedingly slim.

In summary, Plaintiff has not plausibly alleged any factual inaccuracies or misleading information furnished by Capital One, nor has she plausibly alleged that Capital One failed to conduct reasonable investigations into each of her disputes. Instead, her allegations are nothing more than the type of unadorned, the defendant harmed me type of allegations that should be dismissed for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, Capital One respectfully requests that this Court enter an Order dismissing Plaintiff's claims against Capital One in their entirety, with prejudice, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of September, 2026.

*/s/ Rachel B. Cash*
Ellen T. Mathews (Florida Bar: 122217)
Rachel B. Cash (Florida Bar: 114052)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 244-5646
Email: emathews@burr.com
Email: rcash@burr.com
Secondary: jcarlin@burr.com

*Counsel for Defendant Capital One, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Rachel B. Cash*
OF COUNSEL